*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVONTAE JAMAR LANE,

Defendant-Appellant.

UNPUBLISHED
July 13, 2026
10:12 AM

No. 374442
Wayne Circuit Court
LC No. 23-003324-01-FC

Before: RICK, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his sentences resulting from his convictions of manslaughter, MCL 750.321, for which he was sentenced to 8 to 15 years' imprisonment, and three counts of carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1), for which he was sentenced to two years' imprisonment for each count. On appeal, defendant argues he is entitled to resentencing because the trial court improperly assessed him 25 points for offense variable (OV) 3, MCL 777.33; 10 points for OV 9, MCL 777.39; and 10 points for OV 12, MCL 777.42. We affirm.

## I. STANDARD OF REVIEW

"Under the sentencing guidelines, the [trial] court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded in part by statute on other grounds as stated by *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 456 (2016). " 'Preponderance of the evidence' means such evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

-1-

## II. OV 3

OV 3 considers "physical injury to a victim," MCL 777.33(1), and "the statute governing OV 3 requires that trial courts assess the highest number of points possible," *People v Houston*, 473 Mich 399, 402; 702 NW2d 530 (2005). The trial court assesses 100 points "if death results from the commission of a crime and homicide is not the sentencing offense." MCL 777.33(2)(b). Under the sentencing guidelines, homicide is defined as "any crime in which the death of a human being is an element of that crime." MCL 777.1(1)(c). Because defendant's sentencing offense was manslaughter, he could not be assessed 100 points for OV 3. See *People v Holtschlag*, 471 Mich 1, 6; 684 NW2d 730 (2004). As such, the trial court assessed defendant 25 points because "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c).

It is settled law that 25 points are correctly assessed for OV 3 when the victim's death resulted from a crime and homicide was the sentencing offense. See *Houston*, 473 Mich at 405, 407. Defendant acknowledges that *Houston* is binding, but asserts *Houston* was wrongly decided and raises this issue to preserve it for appeal to the Supreme Court. The trial court properly assessed 25 points for OV 3.[1]

## III. OV 9

OV 9 considers the "number of victims," MCL 777.39(1), and "each person who was placed in danger of physical injury or loss of life" is to be counted as a victim, MCL 777.39(2)(a). Zero points must be assessed if "[t]here were fewer than 2 victims who were placed in danger of physical injury or death," MCL 777.39(1)(d), and 10 points must be assessed if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death," MCL 777.39(1)(c). "A person may be a victim under OV 9 even if he or she did not suffer actual harm; a close proximity to a physically threatening situation may suffice to count the person as a victim." *Baskerville*, 333 Mich App at 294 (quotation marks and citation omitted).

Defendant argues that he should not have been assessed 10 points for OV 9 because there was no evidence he placed Cristina Beltran and DeVante Montgomery in the line of gunfire. However, the video admitted at trial shows that defendant was standing only a few feet from the Buick, in which Beltran and Montgomery were sitting, when he shot Derek Rose. Defendant was facing the Buick and continued to walk in that direction as Rose, who sustained six gunshot wounds, collapsed in the street. As such, a preponderance of the evidence shows defendant fired at least six gunshots in the direction of the Buick, placing Beltran and Montgomery in close

---

[1] Because defendant concedes that he was properly assessed 25 points for OV 3, even if OV 9 and OV 12 were reassessed to zero points, it would result in the same minimum sentencing guidelines. Defendant's current OV score is 100, and rescoring both OVs would leave defendant with a lowest possible OV score of 80. Any score above 75 places defendant in OV level VI, resulting in a minimum sentence of 50 months. See MCL 777.64. Resentencing is not required if a scoring error does not alter the appropriate guidelines range. See *People v Davis*, 468 Mich 77, 83; 658 NW2d 800 (2003). Nonetheless, we consider defendant's challenges to OV 9 and OV 12 because defendant's guidelines scores "may affect decisions made about him by the Department of Corrections." *People v Baskerville*, 333 Mich App 276, 302; 963 NW2d 620 (2020).

proximity to a physically threatening situation, and the trial court did not clearly err when it assessed 10 points for OV 9. See *People v Rodriguez*, 327 Mich App 573, 582; 935 NW2d 51 (2019) (affirming the trial court's assessment of 10 points for OV 9 where an individual watched the defendant rob a victim, finding that because he was "outside his apartment, in close proximity to the robbery," he was "properly counted . . . as a victim"), and *People v Kimble*, 252 Mich App 269, 274; 651 NW2d 798 (2002), aff'd 470 Mich 305 (2004) (finding that where "[t]he victim's fiancé and child were both next to the victim inside the car when defendant shot the victim through the windshield," the trial court properly assessed 10 points for purposes of scoring OV 9).

IV. OV 12

OV 12 considers "contemporaneous felonious criminal acts." MCL 777.42(1). A trial court should assess 10 points if "[t]wo contemporaneous felonious criminal acts involving crimes against a person were committed," MCL 777.42(1)(b), and zero points if "[n]o contemporaneous felonious criminal acts were committed," MCL 777.42(1)(g). A felonious criminal act is contemporaneous if it "occurred within 24 hours of the sentencing offense," and if it "has not and will not result in a separate conviction." MCL 777.42(2)(a)(*i*) and (*ii*). "This Court has previously defined 'sentencing offense' in the context of OVs as the crime of which the defendant has been convicted and for which he or she is being sentenced." *People v Carter*, 503 Mich 221, 227; 931 NW2d 566 (2019) (quotation marks and citation omitted). When assessing points for OV 12, "a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Abbott (On Remand)*, 330 Mich App 648, 654-655; 950 NW2d 478 (2019) (quotation marks and citation omitted).

Here, the trial court found that defendant's actions in shooting from his vehicle constituted two contemporaneous felonious assaults because Beltran and Montgomery were both in the line of fire. On appeal, defendant's only argument is that neither Beltran nor Montgomery established by a preponderance of the evidence that defendant shot at them. Contrary to defendant's assertions, Montgomery testified that he saw defendant shooting through his vehicle's window as he drove away, and explained it "was like he was telling [them] to back up, not follow him[.]" While Beltran did not see defendant shooting, she explained that she started running because she heard the gunshots. Notably, defendant ignores that Elester Rhodes, who was sitting on the porch of the house during the shooting and its aftermath, explicitly testified that defendant's arm was pointed at Rose and the people helping him when defendant fired shots from his vehicle. The video evidence corroborates the testimony, showing Beltran, Montgomery, and Michael Jordan all ducking down and running away from defendant's vehicle as he flees the scene. Accordingly, a preponderance of the evidence supported the trial court's finding that Beltran and Montgomery were in the line of defendant's gunfire.

A preponderance of the evidence also supports the trial court's finding that defendant committed felonious assault. "To perpetrate a felonious assault, a defendant must commit (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013) (quotation marks and citation omitted). See also MCL 750.82(1) (a defendant "who assaults another person with a gun . . . without intending to commit murder or to inflict great bodily harm less than murder is guilty of" felonious assault). "It has long been established that an individual who fires a gun at a crowd may be guilty of assault upon each person within that crowd."

*People v Stoner*, 339 Mich App 429, 437; 984 NW2d 775 (2021). "Thus, it is also true that pointing a gun at a group of people may give rise to multiple felonious assault charges . . . ." *Id*. From the evidence presented, it is reasonable to conclude defendant's intention when shooting at the group helping Rose was to scare them away from following him. Because defendant's actions constituting felonious assault were separate acts occurring within 24 hours of the sentencing offense, the trial court did not clearly err when it assessed 10 points for OV 12.

Affirmed.

/s/ Michelle M. Rick
/s/ Christopher M. Murray
/s/ Stephen L. Borrello